UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Criminal Case No. 15-20325

RICKIE BELLAMY,                 Sean F. Cox
                                                       United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

In this criminal action, Defendant was convicted of multiple drug offenses and was sentenced to 151 months of imprisonment by this Court. The matter is currently before the Court on Defendant's Motion for a Reduction in Sentence under 18 U.S.C. § 3582(c)(1)(A). The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

### BACKGROUND

In this criminal case, Defendant Rickie Bellamy Sr. ("Defendant"), along with his adult daughter Barbara Bellamy and another co-defendant, was charged with multiple drug offenses.

Defendant pleaded guilty to Counts 1 through 13 of the Indictment, charging him with Distribution of Controlled Substance (Heroin), in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C), and Distribution of Controlled Substance (Heroin), Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C), and 18 U.S.C. § 2.

The Presentence Report ("PSR") noted that Defendant's health conditions at that time included hypertension, a heart murmur, and a prior work-related back injury. The PSR stated

that, should a custodial sentence be imposed, upon release Defendant would like to return to the residence of his ex-wife on Aubin Street in Detroit, Michigan. Defendant's ex-wife confirmed to pretrial services that she owns that house, advised that her adult son D'Andre resides at that house, and that Defendant "is not welcome to return there upon release from imprisonment" because Defendant "has caused too many problems." The PSR noted that "multiple heroin purchases," and a firearm purchase, were made outside of that residence by Defendant.

Defendant's Sentencing Memorandum acknowledged that Defendant has a "long-standing addiction to controlled substances," with his "heroin usage go[ing] back approximately some forty years," and with Defendant extensively using heroin at the time of his arrest. (ECF No. 52 at 7).

On June 1, 2016, this Court sentenced Defendant to a total term of 151 months of imprisonment, a bottom-of-the-guidelines sentence.

Defendant began serving his sentence on July 19, 2016. His anticipated release date is in either June or September of 2026.

On September 26, 2022, Defendant filed a Motion for Reduction in Sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 63). Defendant asks the court to reduce his sentence and/or convert a period of his sentence to home confinement because of "his debilitating medical conditions and the need for him to care for his paralyzed son." (*Id*. at 1).

As to his medical conditions, Defendant's motion states that Defendant is "63-years old and suffers from hypertension, extreme lower back pain as a result of an injury in the late 1980s, and asthma and bronchitis." (*Id*. at 6). He also claims to have high cholesterol and "ongoing mental health challenges." (*Id.* at 9-10).

2

Defendant's motion also claims that, while Defendant was incarcerated, his adult son was involved in a motorcycle accident in August of 2019. Defendant asserts that his son broke his neck and has "limited to no functioning from the neck down. He is bedridden for large portions of the day." (Def.'s Br. at 10). The motion states that D'Andre's mother (Defendant's ex-wife) cares for D'Andre. (*Id*.). Defendant asserts that this Court should find that his "need to care for his son is an extraordinary and compelling circumstance." (*Id*. at 11). To support that assertion, he directs the Court to a letter from D'Andre. That letter states, in pertinent part, that "My father has always been helpful with family," and "I know that he will help my mom care for me daily." (ECF No. 63-7). Defendant's motion states that, "[i]n terms of subsistence, D'Andre," his paralyzed son, "will provide for Mr. Bellamy while he is on home incarceration." (Def.'s Br. at 17).

Defendant's motion also asserts that Defendant's rehabilitation should be considered, as well as letters of support from some family and friends.

The Government does not contest exhaustion of administrative remedies but opposes Defendant's motion on the merits. It contends that Defendant's medical conditions are not extraordinary and do not warrant release. To the contrary, the Government asserts that several of Defendant's conditions are not uncommon for a man of his age.

As to his second ground for release, to help care for his adult son, the Government contends the circumstances presented are not compelling:

> The injuries sustained by Bellamy's son over three years ago may be serious, however, he is being cared for by his mother. There is no claim that she is unable to continue to care for him or that she suffers any hardship in providing care to him. Other resources are available to support her in providing care. The letters Bellamy has submitted with his motion are from other family members who offer support to Bellamy. Further, Bellamy himself claims poor health and "health

>decline', which may affect his ability to adequately provide the type of care needed by his paralyzed son.

(Govt's Br. at 10).

The Government further asserts that the motion should be denied because a consideration of the § 3553(a) factors weighs against release in this case.

## ANALYSIS

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)." *United States v. Michael Jones*, 980 F.3d 1098, 1100 (6th Cir. Nov. 20, 2020). As summarized by the Sixth Circuit:

>Federal law authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003 (quoting § 3582(c)(1)(A)). Currently, no policy statement applies where a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction (sometimes known in our case law as "compassionate release"). *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). A district court, therefore, must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id*. at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

*United States v. McKinnie,* 25 F.4th 583, 586 (6th Cir. 2022).

Here, Defendant argues that his request for compassionate release should be granted because his medical conditions, along with his need to help care for his adult son, and his efforts toward rehabilitation, constitute extraordinary and compelling circumstances warranting his release. The Court finds that these circumstances, even when combined, do not warrant

4

compassionate release.

Defendant's medical conditions are not extraordinary and compelling circumstances. To the contrary, several of Defendant's medical conditions are not uncommon for a man of his age. Moreover, Defendant's health conditions are *not new developments*. Most of those conditions existed at the time that this Court sentenced Defendant. "[F]acts that existed at the time of sentencing do not constitute an extraordinary and compelling reason warranting a subsequent sentence reduction." *McKinnie, supra*, at *3. The medical records also indicate that Defendant is receiving adequate care for those conditions while incarcerated.

This Court also concludes that Defendant has not established that his family circumstances warrant his release. While it is very unfortunate that Defendant's son had a serious accident some three years ago, that does not create a compelling reason to release Defendant from prison early. By all accounts, D'Andre's mother has admirably been providing for his care. There is no credible evidence before this Court that she requires help from Defendant. Moreover, Defendant asserts that his own medical conditions, that he describes as "debilitating," are so serious that he should be released from prison early. That does not support the notion that Defendant would be helpful in terms of providing for his son's care and needs. To the contrary, this Court concludes that having Defendant – with his own medical care needs, mental health challenges, and long-standing heroin addiction –  move back into the same house out of which he previously sold heroin, and to be financially supported by his paralyzed son, would likely be detrimental to D'Andre.

This Court also believes that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case in any event. *United States v. Ruffin,* 978

F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offense *weigh strongly* against his release. Defendant pleaded guilty to thirteen drug-related counts in this case. He was dealing heroin, a very dangerous and addictive drug.

And these serious charges were not Defendant's first criminal offenses. Defendant has a lengthy criminal history that includes prior convictions for drug offenses, armed robbery, and criminal sexual conduct. Indeed, he was sentenced in this case a career offender.

In addition, this Court already gave Defendant a considerable break when it imposed a bottom-of-the-guidelines sentence of 151 months.

While incarcerated, Defendant has incurred disciplinary sanctions that include possession of heroin. (*See* Govt.'s Ex. 3).

This Court does not believe that releasing Defendant early would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Defendant. In sum, this Court concludes that Defendant is simply not an appropriate candidate for the extraordinary remedy of compassionate release.

### CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: October 17, 2022